UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MARKISHA PAYNE, SAMARA DUDLEY,
K.P, an infant under the age of 18, filed by her
mother and natural guardian, SAMARA DUDLEY,
and J.D., an infant under the age of 18, filed by her
mother and natural guardian, MARKISHA PAYNE,      17 CV 717 (FB) (LB)

                        Plaintiffs,
    -against-

EDWARD MEJIA, ANDREW VALENZANO,      **AMENDED COMPLAINT**
ADAN MUNOZ, PAUL ORTIZ, ANDRE BLAKE
EVAGELOS DIMITRIKAKIS, JUNER
CEVALLOS, SOPHIA CARSON, EMRAH ATES,
JOEL POLICHRON, and JOHN DOES 1-5,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The plaintiffs, MARKISHA PAYNE, SAMARA DUDLEY, and infants K.P, and J.D. by their attorneys, The Rameau Law Firm and the Lumer Law Group, allege the following, upon information and belief for this First Amended Complaint:

## PARTIES, JURISDICTION, and VENUE

1. Plaintiffs Markisha Payne, Samara Dudley, K.P. and J.D. are residents of Kings County in the City and State of New York.

2. Plaintiff Payne is the mother and natural guardian of infant plaintiff J.D.

3. Plaintiff Dudley is the mother and natural guardian of infant plaintiff K.P.

4. Deefendant Edward Mejia, Shield No. 592, was at all times relevant herein an member and employee and agent of the NYPD. Defendant Mejia is sued in his individual and official capacities.

5. Defendant Andrew Valenzano, Tax No. 923294, was at all times relevant

herein a member and employee and agent of the NYPD.  Defendant Valenzano is sued in his individual and official capacities.

6. Defendant Adan Munoz, Shield No. 1313, was at all times relevant herein a member and employee and agent of the NYPD.  Defendant Munoz is sued in his individual and official capacities.

7. Defendant Paul Ortiz, Shield No. 0607, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Ortiz is sued in his individual and official capacities.

8. Defendant Andre Blake, Shield No. 4573, was at all times relevant herein a member and employee and agent of the NYPD. Defendant  Blake is sued in his individual and official capacities.

9. Defendant Evagelos Dimitrikakis, Shield No. 1793, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Dimitrikakis is sued in his individual and official capacities.

10. Defendant Juner Cevallos, Shield No. 4590, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Cevallos is sued in his individual and official capacities.

11. Defendant Sophia Carson, Tax No. 941946, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Carson is sued in his individual and official capacities.

12. Defendant Emrah Ates, Tax No. 942967, was at all times relevant herein a

member and employee and agent of the NYPD. Defendant Ates is sued in his individual and official capacities.

13. Defendant Joel Polichron, Tax No.: 933192, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Polichron is sued in his individual and official capacities.

14. Defendants John Doe 1 through 5 were at all times relevant herein members and employees and agents of the NYPD whose actual identities are not currently known to plaintiffs.

15. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the individual defendants under 28 U.S.C. §§ 1331 and 1367.

16. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

17. Venue is properly laid in the Eastern District of New York as the majority of the events complained of herein occurred within Kings County.

## FACTS

18. On or about the evening of November 5, 2014, plaintiffs Markisha Payne, K.P. and J.D. were inside their home located at 510 Hinsdale Street, in the County of Kings, City and State of New York (the "premises"), when a group of police officers, i.e., upon

information and belief, the individual defendants, forcibly entered the apartment, and at least some of them did so with guns drawn.

19. The defendants did not have consent to enter the premises, nor were there any exigent circumstances that the defendants could reasonably believe would permit their forcible entry into the premises.

20. The defendants had previously procured a warrant to search Apartment 1 at 510 Hinsdale Street, but, could only have done so by lying to or otherwise misleading the issuing court by providing false information about putative prior drug sales at the location.

21. As no such prior drug sales occurred, any such claims by the defendants in their application for the search warrant were necessarily and knowingly false.

22. The defendants seized Ms. Payne as well as the two infant plaintiffs at gunpoint.

23. The defendants ransacked the premises both while Ms. Payne and the infant plaintiffs were present and thereafter.

24. Ms. Payne and the infant plaintiffs were then transported to a local area station house.

25. There was no probable cause for the arrest of Ms. Payne, nor was there any reasonable basis to believe such cause existed.

26. There was no basis for the defendants to seize and detain the infant plaintiffs, nor was there any reasonable basis to believe such cause existed.

27. Plaintiff Samara Dudley was not at home when defendants first entered the

premises and seized and arrested the other three plaintiffs.

28. When Ms. Dudley returned to the premises that evening, she found the defendants engaged in a needlessly and wantonly destructive search of the apartment.

29. The defendants seized and arrested Ms. Dudley without probable cause for her arrest, or any reasonable basis to believe such cause existed.

30. Ms. Dudley was transported to a local area station house.

31. Eventually the adult plaintiffs were transported Central Booking.

32. The plaintiffs were subsequently arraigned on various charges based on fabricated claims by one or more defendants.

33. All charges against plaintiffs were adjourned in contemplation of dismissal and ultimately dismissed and sealed.

34. The adult plaintiffs were released following their arraignment and returned home to find that one or more of the defendants had urinated throughout the premises and destroyed various personal items in the premises, including furniture, toys, and photographs.

35. On or about that same date of November 5, 2014, defendant Mejia filed a report with the Department of Social Services in which he alleged that Ms. Payne and Ms. Dudley had abused or maltreated the infant plaintiffs through their involvement in the sale of narcotics from the premises. No such sales had occurred and this claim by Mejia was materially false.

36. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the

various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

37. That at all times relevant herein, the individual defendants were acting under color of law and within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

38. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

39. The individual defendants unlawfully and wrongly entered the premises by fabricating evidence of probable cause to bring about the issuance of a search that should never have otherwise been issued.

40. Having unlawfully entered the premises, the individual defendants willfully and intentionally seized and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

41. The plaintiffs were held in custody without legal cause for their seizure or arrest, and without any reasonable basis for the individual defendants to believe such cause existed.

42. The individual defendants deliberately, wantonly, and maliciously damaged, destroyed, and defaced plaintiffs' premises and property during the course of their search and seizure of the premises and its contents.

43. To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other defendants' misconduct, despite ample opportunity to do so during the time plaintiff was prosecuted.

44. Accordingly, each defendant is liable for directly participating in the conduct complained of herein, or for failing to intervene in order to prevent or limit such misconduct.

45. By so doing, the individual defendants, individually and collectively subjected the plaintiffs to (i) the unlawful entry, search, and seizure of the premises and their property therein, as well as their (ii) false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

46. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, the loss of liberty, and the deprivation of their constitutional rights.

## SECOND CAUSE OF ACTION

47. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

48. The individual defendants unlawfully entered plaintiffs' residence without permission, exigency, or a lawfully issued warrant, and thereafter searched the premises without any lawful basis during which time they actually and constructively seized, damaged, and defaced plaintiffs' property and premises.

49. The individual defendants are therefore liable under state law for the unlawful entry and search of plaintiffs' premises as well as the unlawful actual and constructive seizure of plaintiffs' property.

50. By reason thereof, the individual defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, and the loss of their liberty and civil rights.

## THIRD CAUSE OF ACTION

51. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

52. The individual defendants unlawfully seized and arrested plaintiffs without probable cause to do so.

53. The plaintiffs were aware of their confinement and did not consent to such confinement.

54. The individual defendants are therefore liable under state law for falsely arresting and imprisoning the plaintiffs.

55. By reason thereof, the individual defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, and the loss of their liberty and civil rights.

## FOURTH CAUSE OF ACTION

56. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

57. The individual defendants employed more force than was reasonably necessary under the circumstances, and further threatened the plaintiffs with violence without cause or justification.

58. The individual defendants are therefore liable to the plaintiffs for having assaulted them by placing them in fear of imminent harm for themselves and their guardians and fellow plaintiffs and family members.

59. The individual defendants are also liable for battery and the use of unnecessary force for the force used during and subsequent to the seizure.

60. By reason thereof, the individual defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, and the loss of their liberty and civil rights.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiffs demand judgment against defendants jointly and severally as follows:

(i) Actual and punitive damages in an amount to be determined at trial;

(ii) Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and,

(iii) Such other relief as the Court deems just and proper.

Dated: New York, New York
August 25, 2017

THE RAMEAU LAW FIRM
Attorneys for Plaintiffs

/s/
_____
By: Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759

LUMER LAW GROUP
Attorneys for Plaintiffs

/s/
_____
By: Michael Lumer, Esq.
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060