

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BRACHAH GOYKADOSH
*Assistant Corporation Counsel*
bgoykado@law.nyc.gov
Phone: (212) 356-3523
Fax: (212) 356-1148

October 18, 2017

**By ECF**
Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Markisha Payne, et al. v. City of New York, et al.
            17-cv-0717 (FB) (LB)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant Mejia in the above-reference action. In that capacity, I write pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to respectfully request that Court so-order the Stipulation of Confidentiality and Protective Order annexed hereto as Exhibit "A," which plaintiffs refuse to sign.

**Relevant Procedural History and Attempt to Resolve This Dispute**

      On July 28, 2017, defendant informed plaintiffs that defendant obtained a closing report from an Internal Affairs Bureau ("IAB") file related to the incident alleged in the Complaint. The parties discussed the need for a protective order before the report could be produced. On July 31, 2017, defendants sent plaintiffs a copy of the protective order for counsel's signature. On August 8, 2017, plaintiffs returned the protective order to defendant by email with random and incomprehensible modifications. (See Plaintiffs' Proposed Protective Order annexed hereto as Exhibit "B"). On August 16, 2017, the parties attempted to confer reach a resolution regarding the protective order and the modifications by plaintiffs, but plaintiffs' counsel terminated the conversation. On September 8, 2017, plaintiffs' counsel informed defendants that his view "is very simple, defendants are not entitled to a protective order for the IAB file concerning plaintiffs' instant complaint and the materials should already have been produced."[1] Plaintiffs proposed that defendant should produce a redacted file. On the same day, the parties again conferred by phone; plaintiffs' counsel provided defense counsel with two cases where he

---

[1] Mr. Lumer's view appears to be in conflict with Ms. Rameau's view. Specifically, when returning the proposed Protective Order, Ms. Rameau took no issue with the designation of the IAB file as confidential. See Exhibit "B."

believed a protective order was not entered into. Defense counsel researched the cases and discovered that plaintiffs' counsel had entered into a protective order in one of his examples. On September 29, 2017, defendant informed plaintiffs that the IAB file could not be produced without a protective order and asked plaintiffs for their position on the protective order. While defendant believed that the parties satisfied their Local Rule 37.3 obligations defendant asked plaintiffs whether they wished to confer further, to achieve a resolution without expending the Court's limited resources. Plaintiffs failed to respond. Defendant followed up on October 2, 2017 and October 11, 2017. Plaintiffs remained unresponsive. Thus, as defendant wishes to produce the file to plaintiffs, defendant seeks the Court's guidance.

### Legal Basis for a Protective Order

Under Rule 26(c) of the Federal Rules of Civil Procedure, the party seeking a protective order must demonstrate good cause exists for its issuance. In re Terrorist Attacks on Sept.11, 2001, 454 F. Supp. 2d 220, 221 (S.D.N.Y. 2006) see also In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir.1987). To establish good cause, defendant, who is the moving party here, must show "that disclosure will result in a clearly defined, specific and serious injury." In re Terrorist Attacks, 454 F. Supp. 2d at 222 (citations omitted).

As a preliminary matter, defendant respectfully notes that in both the Eastern and Southern Districts of New York, a protective order in § 1983 action is a standard request. Indeed, plaintiffs' counsels have entered into similar or nearly-identical protective orders in countless other § 1983 cases. See e.g. Session v. City of New York, et al., 17-cv-229 at Docket Entry No. 14, Lewis v. City of New York, et al., 17-cv-0066 at Docket Entry No. 19; Torres v. City of New York, et al., 16-cv-6719 at Docket Entry No. 17; Dixon et al. v. City of New York, et al., 16-cv-6271 at Docket Entry No. 25. These protective orders all contained catch-all provisions that would afford the defendants the chance to designate in good faith other materials not specifically delineated, such as, for instance, an IAB file. Furthermore, Your Honor has endorsed a similar protective order in the past. See Ruben Cerda, et al. v. City of New York, et al., 15-cv-5371 at Docket Entry No. 57.

Moreover, under Local Civil Rule 83.10, which applies in the Southern District of New York, a standing protective order governs all § 1983 cases selected for participation. See Local Civil Rule 83.10(11); see also Local Civil Rule 83.10 Protective Order, annexed hereto as Exhibit "C." Under that protective order, all "personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies" *and* "other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated 'Confidential Materials' to the extent that they relate to the incident(s) underlying the Complaint in the action" are confidential. An IAB file—even one related to the underlying incident in the pleading—would fall within the purview of confidential materials, as it is also a disciplinary-related record and a record of investigation.[2] Indeed, protective orders in these types of actions are standard. It is unclear why plaintiffs have chosen

---

[2] Defendant has no objection to entering into a protective order identical to that in a Local Civil Rule 83.10 action.

argue about what is generally a non-issue. Keeping the file confidential will not prejudice plaintiffs' ability to thoroughly prosecute this action.

Contrastingly, defendant will suffer injury if the Court forces it to produce the IAB file without a protective order in place. First, these injuries that defendant include threat to the safety of police officers, the invasion of the privacy of police officers, the weakening of law enforcement programs or procedures, the chilling of police investigative candor, the chilling of citizen complainant candor and state privacy law. Velez v. City of New York, No. 04-cv-1775 (ENV)(MDG), 2010 U.S. Dist. LEXIS 54237, at *13-14 (E.D.N.Y. June 2010). IAB receives and investigates complaints made by the public. If IAB files were to be made public, this could impede the Bureau's ability to investigate allegations impartially and thoroughly. It could also dissuade citizens from complaining to IAB as their private issues might be made public. Moreover, should the underlying file in this case not be deemed confidential, there is nothing to prevent the plaintiffs' bar from suing these same officers in a separate litigation and exploiting this file. There are no protective measures prohibiting plaintiffs from uploading the entire file to the internet. Given the information age we live and the probability and possibility of leaks, it is necessary for defendants to safeguard confidential materials to whatever extent possible.

Second, New York Civil Rights Law "presumptively prevents disclosure of city employees' personnel files except as may be mandated by lawful court order." United States v. Collier, No. 10-CR-820 (NGG), 2013 U.S. Dist. LEXIS 3510, at *3-8 (E.D.N.Y. Jan. 8, 2013), citing N.Y.C.R.L. § 50-a(1). Like CCRB findings and recommendations, IAB findings "are clearly of significance to superiors in evaluating police officers' performance" and should be deemed to be personnel records. Matter of Luongo v. Records Access Officer, Civilian Complaint Review Bd., 2017 NY Slip Op 02523, ¶ 8, 150 A.D.3d 13, 22-23, 51 N.Y.S.3d 46, 55-56 (App. Div.). See also Matter of N.Y. Civil Liberties Union v. N.Y.C. Police Dep;t, 2017 NY Slip Op 02506, 148 A.D.3d 642, 50 N.Y.S.3d 365 (App. Div.). Although Section § 50-a(1) does not govern federal cases, the Court should "conduct a balancing test that weighs the plaintiff's interests in disclosure against the state's legitimate concern of protecting the confidentiality of the officers' personnel files from unnecessary intrusions." Moore v. City of New York, No. 11-CV-5083 (ALC) (JLC), 2012 U.S. Dist. LEXIS 84110, 2012 WL 2190551, at *2 (S.D.N.Y. June 15, 2012). Again, the parties' competing interests can be balanced by the so-ordering of personnel and disciplinary related documents, such as an IAB file, as confidential.

To the extent that plaintiffs make an argument about filing any document designated as confidential under seal when opposing a motion, this argument would be premature. The Second Circuit has held that "documents submitted to a court for its consideration in . . . a motion are — as a matter of law — judicial documents to which a strong presumption of immediate public access attaches, under both the common law and the First Amendment." Raffaele v. City of New York, No. 13-CV-4607 (KAM) (VVP), 2014 U.S. Dist. LEXIS 78965, at *2-3 (E.D.N.Y. June 9, 2014) (quotations omitted). See also Collado v. City of New York., 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016), citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Moreover, if at a later point in litigation—upon motion practice or a trial—plaintiffs wish to rely on the IAB file, paragraph 14 of the Protective Order addresses this concern.[3]

---

[3] Indeed, "that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." Collado, 193 F. Supp. 3d at 289-90.

      Through this litigation, plaintiffs have demonstrated a failure to adequately plead their case (see Docket Entry Nos. 8, 13), an inability to comply with deadlines (see Docket Entry No. 41 and Docket Entry dated October 2, 2017), and now an unwillingness to communicate and cooperate in discovery. A simple litigation has become like swimming upstream. Defendant seeks relief from the Court and respectfully requests that the Court so-order the Stipulation of Confidentiality and Protective Order annexed hereto as Exhibit "A" so that defendant can produce the IAB file to plaintiffs.

      Thank you for your consideration herein.

                                                          Respectfully submitted,

                                                          Brachah Goykadosh
                                                          *Assistant Corporation Counsel*
                                                          Special Federal Litigation Division

cc:    Michael Lumer, Esq.  (by ECF)
        Amy Rameau, Esq.   (by ECF)
        *Attorneys for Plaintiffs*