# LUMER LAW GROUP

Attorneys At Law

225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007

WWW.LUMERLAW.COM
(212) 566-5060

October 23, 2017

**By EC**
Hon. Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Payne, et al., v. City of New York, et al.,
               17 CV 717 (FB) (LB)

Dear Judge Bloom:

      We are co-counsel for plaintiffs in the above matter and write in partial opposition to defendants' motion for a protective order. The parties conferred last week and the defendants have an amended proposed protective order that addresses some, but not all, of plaintiffs' objections. Accordingly, while plaintiffs do not object to a protective order generally, plaintiffs are oppose certain specific provisions upon which defendants are insisting.

      As an initial matter, please find defendants' (i) email of October 19, 2017; and (ii) modified proposed protective, attached hereto as Exhibits 1 and 2, respectively. While the proposed changes are welcome, plaintiffs do object to ¶ 2(A), (D), (E), and (F), as well as ¶ 5 in its entirety, and, to a lesser degree, ¶ 18.

**Paragraph 2**

      Defendants' proposed ¶ 2 expressly identifies specific files and categories of materials as Confidential. Plaintiffs cannot agree that these items are properly designated as such. For instance, subsection (A) concerns IAB Case 14-2420. This file concerns the very allegations as made in this lawsuit. Presumably, the file will contain audio files of interviews of the plaintiffs and at least some of the defendants as to what did or did not happen, as well as written summaries of the interviews, photographs, lab reports, and other documentary and recorded evidence concerning the core claims at issue in this lawsuit. Such statements and evidence are plainly discoverable. More to the point, there's nothing about these statements

**LUMER LAW GROUP**

Hon. Lois Bloom
October 23, 2017
Page -2-

that could reasonably be considered privileged.

To the extent that the IAB file contains arguably privileged or confidential information (i.e., personal information about the defendants, such as social security numbers, home addresses, etc.), the defendants can readily redact that information, just as they already do from their production of disciplinary and personnel records in other cases. Parenthetically, it should be noted that plaintiffs are not contesting the inclusion of "employment/personnel related records" as set forth in subsection (B).

Defendants' inclusion of witness identification information under subsection (D) is equally problematic. Notably, neither this case nor this subsection concern complaining witnesses or anyone else who's privacy or safety is arguably at issue. Rather, defendants are asking simply that all identifying information concerning all non-parties and witnesses should be confidential. This burdensome requirement is so disconnected to any possible privilege or basis for inclusion as to border on the absurd.

Similarly, subsection (E) and (F) are also without merit. If any video depicting the incident, or any other matter related to this case, exists, it ought to be produced. The defendants have not and cannot identify any basis for deeming such evidence confidential, other than the fact that it was generated by the NYPD. Had plaintiffs created or come into the possession of any discoverable video files or films such evidence would not ordinarily be subject to any protection. The NYPD stands in the same shoes in this regard.

As for (F), it must be pointed out that the Patrol Guide is readily downloadable online from the NYPD's very own website.[1] So too are many interim orders and other such materials easily available. To be clear, this is not a case that will likely turn on training materials and the like, but the blanket protections sought bye defendants are the epitome of overreaching. If specific demands are made for materials that actually infringe on a cognizable privilege, there is nothing preventing the defendants from designating such discovery as Confidential under this order. However, by default these items ought to be outside the scope of this protective order.

**Paragraph 5**

Plaintiffs object to this paragraph as being overly inclusive. In short, this would allow the defendants to deem Confidential those materials that are otherwise available, thus grossly expanding the scope as defined by ¶ 3. In the event that plaintiffs subpoena materials that defendants legitimately believe are privileged or subject to the protective order,

---

[1] See, https://www1.nyc.gov/site/nypd/about/about-nypd/patrol-guide.page.

**LUMER LAW GROUP**

Hon. Lois Bloom
October 23, 2017
Page -3-

they can move to quash, or ask that plaintiffs agree to the Confidential designation in order to forego that motion practice.

**Paragraph 17**

This paragraph, which is number 18 in the proposed protective order submitted by the defendants in their motion last week, is relatively unimportant and plaintiffs would not burden the Court with this discussion were the proposed protective order not already at issue. In short, this paragraph is both duplicative and unenforceable. That is to say, even without this paragraph, plaintiffs' counsel and the plaintiffs will obviously remain bound by the order going forward, even if we were to add new plaintiffs to this action, making the paragraph redundant. At the same time, if additional parties were to join the litigation but with different representation, plaintiffs' current counsel would have no authority to prospectively bind these parties or their counsel to this agreement.

For the foregoing reasons, plaintiffs respectfully request that the Court modify the defendants' proposed protective order by deleting ¶¶ 2 (A), (D), (E), and (F), 5, and 18.

Thank you for your consideration.

Respectfully submitted,

Michael Lumer

cc:   All counsel of record (By ECF)