UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MARKISHA PAYNE, SAMARA DUDLEY,
K.P, an infant under the age of 18, filed by her
mother and natural guardian,
SAMARA DUDLEY, and J.D., an infant
under the age of 18, filed by her mother and
natural guardian, MARKISHA PAYNE,    17 CV 717 (FB) (LB)

                Plaintiffs,

    -against-

                                       **SECOND AMENDED COMPLAINT**

EDWARD MEJIA, ANDREW
VALENZANO, ADAN MUNOZ, PAUL
ORTIZ, ANDRE BLAKE, EVANGELOS
DIMITRIKAKIS, JUNER CEVALLOS,
SOPHIA CARSON, EMRAH ATES, JOEL
POLICHRON, and JOHN DOES 1-5,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        The plaintiffs, MARKISHA PAYNE, SAMARA DUDLEY, and infants K.P, and J.D. by their attorneys, The Rameau Law Firm and the Lumer Law Group, allege the following, upon information and belief for this Second Amended Complaint:

### PARTIES, JURISDICTION, and VENUE

        1.     Plaintiffs Markisha Payne, Samara Dudley, K.P. and J.D. are residents of Kings County in the City and State of New York.

        2.     Plaintiff Payne is the mother and natural guardian of infant plaintiff J.D.

        3.     Plaintiff Dudley is the mother and natural guardian of infant plaintiff K.P.

        4.     Deefendant Edward Mejia, Tax No. 944803 and Shield No. 592, was at all times relevant herein an member and employee and agent of the NYPD. Defendant Mejia is

sued in his individual capacity.

5. Defendant Andrew Valenzano, Tax No. 923294, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Valenzano is sued in his individual capacity.

6. Defendant Adan Munoz, Tax No. 935372 and Shield No. 1313, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Munoz is sued in his individual capacity.

7. Defendant Paul Ortiz, Tax No. 943634 and Shield No. 0607, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Ortiz is sued in his individual capacity.

8. Defendant Andre Blake, Tax No. 939924 and Shield No. 4573, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Blake is sued in his individual capacity.

9. Defendant Evagelos Dimitrikakis, Tax No. 932554 and Shield No. 1793, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Dimitrikakis is sued in his individual capacity.

10. Defendant Juner Cevallos, Tax No. 945897 and Shield No. 4590, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Cevallos is sued in his individual and official capacities.

11. Defendant Sophia Carson, Tax No. 941946, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Carson is sued in her individual

capacity.

12. Defendant Emrah Ates, Tax No. 942967, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Ates is sued in his individual capacity.

13. Defendant Joel Polichron, Tax No.: 933192, was at all times relevant herein a member and employee and agent of the NYPD. Defendant Polichron is sued in his individual capacity.

14. Defendants John Doe 1 through 5 were at all times relevant herein members and employees and agents of the NYPD whose actual identities are not currently known to plaintiffs.

15. That plaintiffs timely served Notices of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

16. At least thirty days have elapsed since service of plaintiffs' Notices of Claim and adjustment and payment thereof has been neglected or refused.

17. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the individual defendants under 28 U.S.C. §§ 1331 and 1367.

18. Venue is properly laid in the Eastern District of New York as the majority of the events complained of herein occurred within Kings County.

## FACTS

19. On or about the evening of November 5, 2014, plaintiffs Markisha Payne, K.P. and J.D. were inside their home located at 510 Hinsdale Street, in the County of Kings, City and State of New York (the "premises"), when a group of police officers, i.e., upon information and belief, the individual defendants, forcibly entered the apartment, and at least some of them did so with guns drawn.

20. The defendants did so under the supervision of defendant Valenzano, who was then a Captain and the senior ranking officer on the scene, and defendant Munoz, who was then a Sergeant and the entry team leader.

21. Defendant Blake, upon information and belief, forced open the door, and defendants Mejia, Ortiz, Dimitrikakis, and Cevallos then immediately entered the premises, carrying shields, known as bunkers, or their weapons.

22. Upon information and belief, Munoz, Blake, Carson, and Valenzano entered the premises immediately thereafter.

23. At least some of the defendants had handguns or heavy weaponry in their hands and pointed them at the infants' and Ms. Payne during the course of the entry.

24. The defendants neither sought nor obtained consent to enter the premises, nor could they have reasonably believed that they had been given such consent by any of the occupants of the premises.

25. There were no exigent circumstances present that would have permitted defendants' forcible entry into the premises, nor could the defendants have reasonably

believed that such circumstances existed.

26.     The defendants' entry was grounded on a search warrant they had previously procured for Apartment 1 at 510 Hinsdale Street. However, this warrant could only have been obtained by lying to or otherwise misleading prosecutors and the issuing court by providing false information about putative prior drug sales at the location.

27.     More precisely, the defendants claimed that three controlled purchases of a controlled substance were made by a confidential informant at the premises, and that defendants Munoz, Mejia, and Ates were each present for one or more of said purchases, including the final purchase which was allegedly made less than an hour before the warrant was executed.

28.     No such purchases ever occurred at the premises and the defendants knew or must have known that this was so.

29.     As the warrant was obtained through false and misleading statements to prosecutors and the court by at least one defendants, the fact that such a warrant then issued does not vitiate the unlawful entry into the premises.

30.     Within moments of their initial entry the defendants seized Ms. Payne as well as the two infant plaintiffs at gunpoint.

31.     The defendants ransacked the premises, both while Ms. Payne and the infant plaintiffs were present and thereafter.

32.     Ms. Payne and the infant plaintiffs were then transported to a local area station house.

33. There was no probable cause for the arrest of Ms. Payne, nor was there any reasonable basis to believe such cause existed.

34. There was no basis for the defendants to seize and detain the infant plaintiffs, nor was there any reasonable basis to believe such cause existed.

35. Plaintiff Samara Dudley was not at home when defendants first entered the premises and seized and arrested Ms. Payne and the two infants.

36. When Ms. Dudley returned to the premises that evening, she found the defendants engaged in a needlessly and wantonly destructive search of the apartment.

37. The defendants seized and arrested Ms. Dudley without probable cause for her arrest, or any reasonable basis to believe such cause existed.

38. Ms. Dudley was transported to a local area station house.

39. Eventually the adult plaintiffs were transported Central Booking.

40. The plaintiffs were subsequently arraigned on various charges based on fabricated claims by one or more defendants.

41. All charges against plaintiffs were adjourned in contemplation of dismissal and ultimately dismissed and sealed.

42. The adult plaintiffs were released following their arraignment and returned home to find that one or more of the defendants had urinated throughout the premises, damaged the apartment, and destroyed various personal items in the premises, including furniture, toys, and photographs.

43.     On or about that same date of November 5, 2014, defendant Mejia filed a report with the Department of Social Services in which he alleged that Ms. Payne and Ms. Dudley had abused or maltreated the infant plaintiffs through their involvement in the sale of narcotics from the premises. No such sales had occurred and this claim by Mejia was materially false.

44.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

45.     The defendants have previously admitted and acknowledged that each of the individually named defendants were present for the entry and search of the premises, as well as the arrest of the plaintiffs.

46.     That at all times relevant herein, the individual defendants were acting under color of law and within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## **FIRST CAUSE OF ACTION**

(Section 1983: Unlawful Entry and Search of the Premises)

47.     Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

48. Each of the individual defendants unlawfully and wrongly entered the premises by forcibly entering without exigency, consent, or a lawfully issued warrant.

49. Individual defendants Munoz, Mejia, and Ates are further liable for their entry and search of the premises, and that of the other defendants, by virtue of their having fabricated evidence of probable cause to bring about the issuance of a search warrant that should never have otherwise issued.

50. The individual defendants deliberately, wantonly, and maliciously damaged, destroyed, and defaced plaintiffs' premises and property during the course of their search and seizure of the premises and its contents.

51. To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other defendants' misconduct despite ample opportunity to do so.

52. Accordingly, each defendant is liable either for directly participating in the conduct complained of herein, or for failing to intervene in order to prevent or limit such misconduct and injuries to the plaintiffs and the constitution.

53. By so doing, the individual defendants, individually and collectively subjected the plaintiffs to the unlawful entry into and search of their residence, as well as the seizure of the residence and property therein, including the damage and defilement of the residential

structure and the property of the plaintiffs, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth Amendment of the United States Constitution.

54. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, and the deprivation of their constitutional rights.

## SECOND CAUSE OF ACTION

(Section 1983: False Arrest)

55. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

56. The individual defendants willfully and intentionally seized and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

57. To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other defendants' misconduct despite ample opportunity to do so, both at the premises, and later while the plaintiffs' arrests were being processed and the plaintiffs transported to Central Booking to await arraignment.

58. Accordingly, each defendant is liable either for directly participating in the conduct complained of herein, or for failing to intervene in order to prevent or limit such misconduct and injuries to the plaintiffs and the constitution.

59. By so doing, the individual defendants, individually and collectively subjected the plaintiffs to being arrested without probable cause or any other lawful basis, and to be thereafter falsely imprisoned, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth Amendment of the United States Constitution.

60. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, the loss of their liberty, and the deprivation of their constitutional rights.

## THIRD CAUSE OF ACTION

(New York Law: Unlawful Entry and Search, Destruction of Property)

61. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

62. The individual defendants entered plaintiffs' residence without permission, exigency, or a lawfully issued warrant, and thereafter searched the premises without any lawful basis during which time they actually and constructively seized, damaged, and defaced plaintiffs' property and premises.

63. The individual defendants are therefore liable under state law for the unlawful entry and search of plaintiffs' premises as well as the unlawful actual and constructive seizure and/or conversion of plaintiffs' property.

64. By reason thereof, the individual defendants have caused plaintiffs to suffer mental anguish and emotional distress, damage to and loss of their property, and the deprivation of their civil rights.

### THIRD CAUSE OF ACTION

(New York Law: False Arrest and Imprisonment)

65. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

66. The individual defendants unlawfully seized and arrested plaintiffs without probable cause to do so.

67. The plaintiffs were aware of their confinement and did not consent to such confinement.

68. The individual defendants are therefore liable under state law for falsely arresting and imprisoning the plaintiffs.

69. By reason thereof, the individual defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, and the loss of their liberty and deprivation of their civil rights.

## FOURTH CAUSE OF ACTION

(New York Law: Assault, Battery Excessive Force)

70. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

71. The individual defendants employed more force than was reasonably necessary under the circumstances, and further threatened the plaintiffs with violence without cause or justification.

72. The individual defendants are therefore liable to the plaintiffs for having assaulted them by placing them in fear of imminent harm for themselves and their guardians and fellow plaintiffs and family members.

73. The individual defendants are also liable for battery and the use of unnecessary force for the force used during and subsequent to the seizure.

74. By reason thereof, the individual defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish and emotional distress, and the deprivation of their civil rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiffs demand judgment against defendants jointly and severally as follows:

(i) Actual and punitive damages in an amount to be determined at trial;

(ii) Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and,

(iii) Such other relief as the Court deems just and proper.

Dated: New York, New York
January 5, 2018

THE RAMEAU LAW FIRM
Attorneys for Plaintiffs

/s/
_____
By: Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759

LUMER LAW GROUP
Attorneys for Plaintiffs

/s/
_____
By: Michael Lumer, Esq.
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060